**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **MARVIN L. MALONE.** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **3:05-CV-1990-D** |
| | ) | |
| **DOUGLAS DRETKE, Director, Texas** | ) | |
| **Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge.  The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case:  This is a petition for a writ of habeas corpus filed by a state prisoner pursuant to 28 U.S.C. § 2254.

Parties:  Petitioner is currently a resident of Henryetta, Oklahoma.  Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID).  No process has been issued in this case, pending preliminary screening.

Statement of the Case:  Following his plea of not guilty, a jury convicted Petitioner of sexual assault of a child younger than 14 years of age in the 194th Judicial District Court of Dallas County, Texas.  On December 4, 1985 punishment was assessed at forty years imprisonment.  (Pet. at 2).  The Court of Appeals affirmed his conviction.  (Id. at 3).

Petitioner has filed one prior federal habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his conviction on the ground that the district attorney forged and manufactured the indictment.  See Malone v. Dretke, 3:03-CV-2204-N (N.D. Tex., Dallas Div.).  On April 26, 2005, the district court adopted the findings, conclusion and recommendation of the magistrate judge, filed on April 7, 2005, and dismissed the petition as time barred.  Id.  Petitioner did not appeal.

In the present petition for a writ of habeas corpus, filed on October 6, 2005, Petitioner again seeks to challenge his sexual assault conviction.  In four grounds, He asserts the complainant's affidavit was fabricated, the indictment was forged by the prosecutor, and the lack of grand jury investigation caused inconsistencies in the record.  (Pet. at 7-8).

Findings and Conclusions:  The instant petition is subject to the screening provisions set out in 28 U.S.C. § 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  See Lindh v. Murphy, 521 U.S. 320, 336 (1997) (the AEDPA governs petitions filed after its effective date of April 24, 1996).  Section 2244(b)(3)(A) provides that a second or successive habeas petition pursuant to § 2254 must be certified by a panel of the appropriate court of appeals before it can be filed in the district court.  See 28 U.S.C. § 2244(b)(3)(A); In re Epps, 127 F.3d 364 (5th Cir. 1997); see also In re Tolliver, 97 F.3d 89, 90 (5th Cir. 1996) (addressing a similar provision applicable to second or successive motions pursuant to 28 U.S.C. § 2255).

In general, "a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ."  Crone v. Cockrell, 324 F.3d 833, 836-37 (5th Cir.),

cert. denied, 124 S.Ct. 287 (2003).

Petitioner presented his second ground (that the indictment was forged and fabricated) in his initial federal petition.   Therefore, this ground is be successive under the AEDPA.  See Crone, 324 F.3d at 836-37 (claim raised in prior petition is successive); United States v. Orozco-Ramirez, 211 F.3d 862, 866-871 (5th Cir. 2000) (same).

Petitioner's remaining claims relate to events that occurred at or before the jury trial, which long predated the filing of the first federal habeas petition in 2000.  These claims were, thus, available to Petitioner when he filed his initial federal petition and could have been raised in that petition.  Therefore, the court concludes that the petition for writ of habeas corpus is "successive" under the AEDPA.[1]

In light of the successive nature of the present petition, this court lacks jurisdiction to consider it unless the Fifth Circuit Court of Appeals first grants Petitioner leave to file the same. Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999); United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000).  Therefore, this petition should be dismissed for want of jurisdiction.  Such a dismissal, however, is without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to § 2244(b)(3)(A).  See In re Epps, 127 F.3d at 364 (setting out the requirements for filing a motion for authorization to file a successive habeas petition in the Fifth Circuit Court of

---

[1]    Although the first § 2254 petition was dismissed as time barred, such a dismissal constituted an adjudication on the merits for purposes of the gate-keeping rules on second or successive petitions.  See Villanueva v. United States, 346 F.3d 55, 61(2nd Cir. 2003) (addressing issue in the context of a § 2255 motion); Donaldson v. United States, 2003 WL 22959502, No. 01-cv-1061 (N.D. N.Y. Oct. 27, 2003) (same); see also Anders v. Cockrell, 2003 WL 102615 at *2, 3:02cv2513-N (N.D. Tex. Jan. 08, 2003) (addressing issue in the context of a state habeas corpus petition).

Appeals).

RECOMMENDATION:

      For the foregoing reasons it is recommended that the petition for writ of habeas corpus be dismissed for want of jurisdiction, but without prejudice to Petitioner's right to file a motion for leave to file a second or successive petition in the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A).

      The Clerk will mail a copy of this recommendation to Petitioner.

      Signed this 27th day of October, 2005.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

      In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.